FILED

FEB 25 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 4:26-cr-00091-SEP/PLC |
| JESSICA BRANDON, | ) | |
| | ) | |
| Defendant. | ) | |

**INDICTMENT**

The Grand Jury charges:

**INTRODUCTION**

At all times relevant to the indictment, unless otherwise specified below:

1. Defendant Jessica Brandon ("Defendant Brandon") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

2. The Social Security Administration ("SSA") manages the Supplemental Security Income (SSI) program. It offers financial support to individuals who are 65 or older, blind, or disabled and have very limited income and resources.

3. The State of Missouri manages the Supplemental Nutrition Assistance Program ("SNAP") for the United States Department of Agriculture ("USDA"). The program is run under the supervision of the Missouri Department of Social Services ("DSS") Family Support Division ("FSD"). It provides food stamp benefits to a family if their net monthly income is less than a certain amount based on individual factors. "Net monthly income" includes earnings from employment as well as Social Security disability benefits.

4. The son of Defendant Brandon, J.J., was born prematurely on January 18, 2020. Defendant Brandon applied for SSI benefits for J.J. on March 20, 2020, the day before his discharge from the hospital.

5. On or about April 20, 2020, Defendant Brandon completed a Representative Payee application. On or about May 29, 2020, Defendant Brandon received the Notice of Award. Both of these documents advised Defendant Brandon of the requirement to disclose changes to monthly income. In fact, Defendant Brandon received a fact sheet with her Notice of Award entitled "How Parent's Income and Resources Affect a Child's SSI."

6. On or about March 20, 2020, Defendant Brandon also applied for and received SNAP assistance based on her representations of lack of employment. On the application, she failed to disclose her employment and income. On November 23, 2020, she provided false documentation, by submitting FSD form FA-311 (05-08) Employment Information Request stating that her last day of work was January 14, 2020, when in fact, she had returned to work after maternity leave on April 14, 2020.

7. Defendant Brandon has been consistently employed from March 2020 to November 2025. She failed to disclose this information to the SSA and SNAP/DSS which she is required to declare as her income affects J.J.'s monthly benefit amounts. During the relevant period, Defendant Brandon submitted false termination documents regarding her employment to both agencies to continue receiving benefits.

8. On August 27, 2020, Defendant Brandon submitted a false voluntary layoff letter purportedly from her employer BioLife via email to FSD. The letter falsely indicated that her employment ended on January 14, 2020, when in fact, Defendant Brandon continued to be employed with BioLife until October 31, 2020.

9. On December 24, 2020, she submitted an employment verification letter stating that she last worked at BioLife on January 18, 2020, when in fact she continued to be employed until October 31, 2020.

10. On September 8, 2022, Defendant Brandon uploaded a letter to FSD purportedly from the human resources department of Charter Communications, indicating her last day of employment was March 15, 2022, when in fact she worked there from January 21, 2022, to September 11, 2022.

11. Defendant Brandon was also employed with Urology of St. Louis from January 31, 2023, to November 26, 2024, but submitted a letter stating her employment ended June 23, 2023. On March 4, 2024, Defendant Brandon submitted a second letter to FSD purportedly from Urology of St. Louis, that her last day of work was June 23, 2023.

12. Additionally, Brandon submitted a false letter to DSS on April 13, 2025, stating she had ended her employment as a home health aide on January 17, 2024, when in fact she had been employed through January 5, 2025. Defendant Brandon started working at BJC Healthcare on March 24, 2025, with a last verified employment date of November 1, 2025. However, she submitted a false letter on September 26, 2025, to DSS, that her employment ended on that date. On October 27, 2025, Defendant Brandon also submitted this same false letter to SSA in support of her appeal for continued benefits.

**COUNT 1**
**(18 U.S.C. § 641: Theft of Government Funds)**

13. The allegations in paragraphs 1-13 are hereby incorporated by reference.

14. Beginning at least as early as March 2020 through in or about November 2025, in the Eastern District of Missouri, the defendant,

**JESSICA BRANDON,**

did voluntarily, intentionally, and knowingly, embezzle, steal, and convert to her use, money of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof, that being, Social Security benefit payments, of a value exceeding $1,000.

All in violation of Title 18, United States Code, Section 641.

**COUNT 2**
**(18 U.S.C. § 641: Theft of Government Funds)**

15. The allegations in paragraphs 1-15 are hereby incorporated by reference.

16. Beginning at least as early as March 2020 through in or about November 2025, in the Eastern District of Missouri, the defendant,

**JESSICA BRANDON,**

did voluntarily, intentionally, and knowingly, embezzle, steal, and convert to her use, money of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof, that being, USDA payments through SNAP, of a value exceeding $1,000.

All in violation of Title 18, United States Code, Section 641.

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 641, as set forth in Counts 1 and 2, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. If any of the property described above, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

FOREPERSON

THOMAS C. ALBUS
United States Attorney

JOLENE TAAFFE #56946 MO
Special Assistant United States Attorney