**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:26-cr-00091-SEP |
| | ) | |
| JESSICA BRANDON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Leave to File Under Seal, in which she seeks leave to file her Sentencing Memorandum entirely under seal. Doc. [39]. The Government does not object to Defendant's request to seal and has not filed a response.

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). The public enjoys "a strong presumption of access" to documents that "directly see[k] to influence the sentence that this Court imposes," because of the "direct role [such documents play] in the exercise of Article III judicial power." *United States v. Hughes*, 2022 WL 3700907 at *2-*3 (E.D. Mo. Aug. 26, 2022) (citations omitted). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides *compelling* reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)) (emphasis added). The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599).

Defendant argues that her sentencing memorandum should be filed under seal because it "contains material relating to [her] physical and mental health which is confidential and extremely sensitive in nature." Doc. [39] at 1. She also argues that she should be allowed to seal the entire document rather than attempt redaction, as "the sensitive information is intertwined throughout the entirety of her memorandum." *Id.*

The Court has repeatedly denied similar requests to seal sentencing memoranda in their entirety and has cautioned defense counsel that such requests to seal are disfavored. *See* Order Setting Presentencing Deadlines, Doc. [29] in this matter, at 1-2 ("Before seeking leave to file a sentencing memorandum under seal, counsel should consult this Court's past orders applying Eastern District of Missouri Local Rule 13.05. *See, e.g.*, Order, *United States v. Brand*, Case No. 4:23-cr-00161-SEP, Doc. [78] (E.D. Mo. Feb. 22, 2024); Order, *United States v. Swegan*, Case No. 21-cr-00255-SEP, Doc. [77] (E.D. Mo. Apr. 20, 2023). **Requests to seal memoranda in their entirety are disfavored, as are requests to seal information about a defendant's physical or mental health**, if the Court is being asked to consider such information in fashioning an appropriate sentence.") (emphasis added); *see also, e.g.*, Order, *United States v. Sicuro*, Case No. 4:20-cr-00568-SEP (E.D. Mo. Mar. 22, 2023); Order, *United States v. Ortiz*, Case No. 4:21-cr-00367-SEP (E.D. Mo. Feb. 22, 2023).

Defendant's motion to seal, in its entirety, her sentencing memorandum is denied for the reasons set forth in the above-referenced Orders. The Court is open to persuasion—by more specific and well-developed legal argument—that certain information, such as certain kinds of past trauma or sensitive information of family members, should be filed under seal. But such information is very likely redactable, leaving the bulk of Defendant's argument relating to her sentence on the public record, in keeping with the law's "strong presumption." Defendant may revise and refile her motion in accordance with this Order and the Court's past rulings if she so chooses.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Under Seal, Doc. [39], is **DENIED** without prejudice to refiling.

**IT IS FURTHER ORDERED** that, if Defendant does not file a revised motion to seal, she must file an unsealed copy of her Sentencing Memorandum by no later than **November 23, 2026**.

Dated this 18th day of November, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE